### THE KING *vs.* TAI WA.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

APRIL TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

Defendant plead guilty of cruelty to ten mules, and was sentenced: the next day he was convicted of cruelty to two horses that he used while driving the mules:

Held, that the former conviction was no bar to the latter.

Judgment of Police Court affirmed.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an appeal from the Police Court of Honolulu to the Court in Banco on the point of law taken, that the charge should have been dismissed as the defendant had been previously convicted of the same offense.

It appears that he was charged with cruelty to animals, to wit, ten mules, in Honolulu, on the 11th of March last. He plead guilty and was sentenced. The next day he was arrested on a warrant and charged with cruelty to animals on the 10th of March, to wit, on two horses. It appears by the evidence sent up that the mules were a pack train; and of the horses, one defendant rode and the other he led. The horses were badly galled on their backs and sides, and were much exhausted.

The Act, Sec. 1, Chap. 31, Laws of 1884, prescribes: "If any person shall over-drive, over-load, torture, torment, deprive of necessary sustenance, or cruelly beat, or needlessly mutilate or kill, or cause or procure to be over-driven, over-loaded, tortured, tormented, or deprived of necessary sustenance, or to be cruelly beaten, or needlessly mutilated or killed as aforesaid, any living creature, every such offender shall, for every such offense, be guilty of a misdemeanor."

Single living creatures may be the subject of cruelty. The cruelty charged in this case was the torturing and tormenting a horse by riding him while his back and sides were sore, and by leading another horse while in a similar condition. These were distinct acts of cruelty from those inflicted upon the mules. The defendant, had the prosecutor so chosen, might have been charged with the offense of cruelty to each of the ten mules, for the fact that they were fastened together by a leading line so as to make one train did not destroy the individuality of each mule, and make each one incapable of being the subject of cruel treatment. The horses were clearly distinct from the mule train, and acts of cruelty to the mules were not acts of cruelty to the horses.

We think the conviction was right, and the former conviction no bar to the second charge.

Appeal dismissed.